UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JULIE DOSS,                          )
                                     )
            Plaintiff,               )
                                     )
v.                                   )      No.:   3:10-CV-532
                                     )             (VARLAN/SHIRLEY)
W. ROGERS COMPANY,                   )
                                     )
            Defendant.               )

**MEMORANDUM AND ORDER**

This civil action is before the Court on the Motion to Amend [Doc. 17], submitted by

plaintiff, Julie Doss.  Defendant, W. Rogers Company ("W. Rogers"), has submitted a

response in opposition [Doc. 20].  For the reasons set forth herein, plaintiff's motion to

amend ]Doc. 17] will be **DENIED**.

I.      **Relevant Background**

Plaintiff was employed as a laborer with W. Rogers.  On June 21, 2010, plaintiff filed

a charge with the Equal Employment Opportunity Commission (the "EEOC") against W.

Rogers alleging sexual harassment and retaliatory transfer [Doc. 17-2].  On October 22,

2010, plaintiff filed a complaint in state court, alleging violations of the Tennessee Human

Rights Act (the "THRA"), Tenn. Code Ann. §§ 4-21-101, *et seq.*, and claiming that she was

sexually harassed by a superintendent at one of W. Roger's construction sites and that she

was transferred to a different job site in retaliation for refusing his sexual advances [Doc. 1-1,

¶ 2].  On December 14, 2010, W. Rogers removed the case to this Court [Doc. 1].

On April 26, 2011, plaintiff was terminated from her employment with W. Rogers [Doc. 9-5, pp. 8-9; Doc. 9-3, p. 24]. On November 17, 2011, upon her request, the EEOC issued plaintiff a notice of right to sue letter regarding the EEOC charge plaintiff filed on June 21, 2010 relating to the alleged sexual harassment and retaliatory transfer [Doc. 17-3].

On April 28, 2011, the Court entered a scheduling order [Doc. 6] pursuant to Federal Rule of Civil Procedure 16(b), setting the trial date of this case for April 16, 2012 and establishing the following deadlines: December 19, 2011 as the deadline to amend pleadings; December 19, 2011 as the deadline to file dispositive motions; and January 17, 2011 as the deadline for completion of discovery [*Id.*]. Pursuant to the scheduling order, on December 19, 2011, W. Rogers filed a motion for summary judgment as to all claims alleged by plaintiff in her complaint [Doc. 8]. On January 8, 2012, plaintiff filed a response in opposition [Doc. 13]. On January 17, 2012, W. Rogers filed a reply to plaintiff's response [Doc. 15].

Plaintiff filed her motion to amend complaint on February 14, 2012 [Doc. 17], moving the Court for leave to amend her complaint, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, to add a cause of action under 42 U.S.C. §§ 2000e, *et seq.* ("Title VII")[*Id.*]. As grounds for this request, plaintiff noted that she had received a notice of right to sue letter regarding her EEOC charge against W. Rogers relating to sexual harassment and retaliatory transfer [Doc. 17-3]. Plaintiff also stated in her motion that "there are not any additional factual allegations" in her proposed amended complaint and that allowing the proposed amendment "should not delay the Court's proceedings in this matter." [Doc. 17].

2

W. Rogers responded in opposition to plaintiff's motion to amend, arguing that plaintiff's motion is improper under Rule 15(a) of the Federal Rules of Civil Procedure [Doc. 20, p. 4]. W. Rogers contends that while plaintiff has averred that there are no new factual allegations in her proposed amended complaint [Doc. 17-2], in addition to her request to add a Title VII claim and its enhanced damages provision to her existing THRA claims, plaintiff has added a new claim for retaliatory discharge relating to her termination from W. Rogers in April 2011 [Doc. 20, p. 7]. W. Rogers also asserts that plaintiff has engaged in undue delay in bringing her motion to amend, that allowing plaintiff to file the proposed amended complaint will cause W. Rogers undue prejudice, and that at least one of plaintiff's proposed amendments is futile. W. Rogers also asserts that plaintiff's motion to amend is untimely under Rule 16(b) of the Federal Rules of Civil Procedure, that plaintiff knew of the basis for her proposed amendments prior to the expiration of the relevant deadlines in the scheduling order, and that plaintiff has not shown good cause for why the requested amendments should be allowed. W. Rogers also asserts that it will be prejudiced if plaintiff is permitted to amend her complaint at this stage of the litigation.

## II.    Analysis

### A.    Rule 15

After a responsive pleading has been served, a party may move for leave to amend a complaint only with leave of court. Fed. R. Civ. P. 15(a). Under Rule 15(a) a "court should freely give leave [to amend] when justice so requires." *Id*. However, a court must still balance the harm to the moving party if he or she is not permitted to amend against the

3

prejudice caused to the other party if leave to amend is granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Specifically, "a motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (citation omitted); *Marx v. Centran*, 747 F.2d 1536, 1550 (6th Cir. 1984), *cert. denied*, 471 U.S. 1125 (1985)). Furthermore, the United States Court of Appeals for the Sixth Circuit has noted that "[t]o deny a motion to amend, a court must find 'at least some significant showing of prejudice to the opponent.'" *Duggins v. Steak n' Shake, Inc.*, 195 F. 3d 828, 834 (6th Cir. 1999) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986)). Delay, alone, is not enough to bar amending a complaint if the non-movant is not prejudiced. *Id.*

W. Rogers asserts that plaintiff cannot meet the requirements of Rule 15(a) because she has unduly delayed in seeking the proposed amendments and because W. Rogers would be unduly prejudiced if the proposed amendments are allowed. In regard to plaintiff's new claim for retaliatory discharge relating to her termination, W. Rogers asserts that plaintiff knew of her termination from W. Rogers in April 2011, yet failed to seek leave to assert a claim based on this termination until February 2012, eight months later. W. Rogers asserts that this indicates plaintiff has engaged in undue delay. In regard to her Title VII claim, W. Rogers asserts that plaintiff has also delayed in seeking this amendment because plaintiff received the EEOC right to sue letter in November 2011 [Doc. 17-3], before the expiration of the pleading amendment, dispositive motion, and discovery deadlines in the scheduling

4

order, yet she took no action. W. Rogers further asserts that it will suffer the following prejudice: inadequate time to conduct discovery; inadequate time to file a dispositive motion addressing plaintiff's new claims and allegations; and inadequate time to prepare a defense to the new claims prior to the current trial date of April 16, 2012 [Doc. 20, p. 6].

After due consideration, the Court finds that the factors to be considered in granting a motion to amend a complaint weigh in favor of denying plaintiff's motion. The Court finds that plaintiff has indeed engaged in undue delay in moving the Court for the proposed amendments at this late stage of the litigation. Plaintiff knew of the facts surrounding her discharge claim in April 2011 and received her right to sue letter from the EEOC in November 2011, yet did not seek leave to amend her complaint until February 14, 2012. The Court also finds that allowing plaintiff to amend her complaint at this stage of the proceedings would cause W. Rogers significant prejudice. As noted by W. Rogers, while the deadlines for amending pleadings and for discovery have passed, plaintiff's proposed discharge claim and allegations are likely to warrant additional discovery and may give rise to the need for additional witnesses. The Court also notes that W. Rogers has filed a summary judgment motion as to all plaintiff's claims, that this motion is fully briefed, and that the trial of this case is slightly more than a month away. All of these factors weigh against granting plaintiff's motion to amend.

## B.    Rule 16

While Federal Rule of Civil Procedure 15(a) addresses amending pleadings, Federal Rule of Civil Procedure 16(b) provides additional requirements. Rule 16(b) provides that

courts must issue scheduling orders that "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b). The Sixth Circuit has recognized that "[o]nce the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citations omitted). Good cause may be found when there has been a delay in the discovery process or other extensions have been given. *See Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). Finally, a court must also consider any prejudice to a defendant that would result from the late filing of an amended complaint. *Leary*, 349 F.3d at 909.

In the present case, the scheduling order provides that "[a]t least one hundred and twenty (120) days before trial all motions for leave to amend the pleadings and add parties must be filed." [Doc. 6, ¶ 6]. Because the deadline to amend the pleadings had expired by the time plaintiff's motion to amend was filed, plaintiff must show good cause for failing to seek leave to amend earlier. *See Leary*, 349 F.3d at 909. In her motion to amend, plaintiff has not provided the Court with a reason for why she did not file her motion to amend earlier in the proceedings, before the relevant deadlines had passed. The scheduling order additionally provides that "[a]ll dispositive motions . . . shall be filed . . . no later than one hundred twenty (120) days before trial." [Doc. 6, ¶ 6]. Courts have held that amendments

6

sought after the close of discovery and after the filing of dispositive motions may cause prejudice to the opposing party. *See, e.g., Duggins*, 195 F. 3d at 834 (upholding denial of a motion to amend complaint because the "plaintiff delayed pursuing this claim until after discovery had passed, the dispositive motion deadline had passed, and a motion for summary judgment had been filed"). Additionally, the Court must consider the proposed amendments' potential prejudice to W. Rogers.

Plaintiff's motion to amend was filed after the deadline for amendment of the pleadings, after the deadline for filing dispositive motions, and after discovery has closed. Furthermore, the trial of this case is set for April 16, 2012. The Sixth Circuit has noted that when an amendment is sought at a late stage of litigation, "there is an increased burden to show justification for failing to move earlier." *See Bridgeport Music, Inc. v. Dimension Films*, 401 F.3d 647, 662 (6th Cir. 2004). Here, the Court has found no justification for plaintiff's delay in bringing her motion to amend, and plaintiff proposes none. Furthermore, the Court notes that plaintiff's motion to amend came after the filing and briefing of W. Rogers' motion for summary judgment. Finally, the Court finds, for the same reasons given under the Court's Rule 15(a) analysis, that allowing the proposed amendments at this late stage in the litigation wold create significant prejudice to W. Rogers in having to reopen discovery and prepare a defense for plaintiff's new claims and allegations. Accordingly, the Court finds plaintiff's motion to amend untimely and that plaintiff has not established good cause, pursuant to Rule 16(b), for amending the deadlines in the Court's scheduling order and allowing the proposed amendments.

### III.  Conclusion

For the reasons given above, plaintiff's motion to amend [Doc. 17] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
